SCHENECTADY SAVINGS AND LOAN ASSOCIATION, Plaintiff, v. MAGNUS E. EDWARDS, Appellant, and ALEXANDER GRASSO, Respondent.— Defendant-appellant has appealed from that part of the order of the Albany Special Term of Supreme Court which required him to furnish security in the amount of $8,000 as a condition of vacating a writ of assistance. The Special Term correctly imposed such condition. Order unanimously affirmed, with $10 costs. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

## (September 24, 1948.)

In the Matter of the Claim of Charles W. PAUL, Respondent, against NATIONAL SAVINGS BANK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and its insurance carrier from an award of workmen's compensation in favor of claimant. The employer was engaged in the banking business in the city of Albany and claimant was employed as a bookkeeper and accountant. On February 27, 1935, claimant kicked a water valve trap to stop running water and to prevent a flood in the men's washroom of the employer's office. As a result he suffered a right inguinal hernia. At that time the employer and carrier offered to pay the necessary expenses of an operation to reduce the hernia. Claimant refused to undergo such an operation. He lost no time from work as a result of the injury. On June 12, 1946, claimant was operated on for the correction of the hernia as a result of which he was disabled from that date until August 11, 1946. The board made an award of compensation covering that period. It is the contention of the appellants that the award should have been made against the Fund for Reopened Cases. The board found that the employer made an advance payment of compensation within the three-year period prior to the application for reopening. The evidence sustains the finding of the board. Award affirmed, with costs to the Workmen's Compensation Board. Hill, P. J., Heffernan, Brewster and Russell, JJ., concur; Deyo, J., dissents, and votes to reverse the award as against the appellants and to remit the case to the Workmen's Compensation Board for an award against the Special Fund for Reopened Cases. Under the circumstances disclosed by the record, the C-27 filed June 3, 1946, constituted an application to reopen the case and was considered as such by the board. Claimant had received no compensation during the three-year period prior to that date.

In the Matter of the Claim of MARY F. MANEY, Respondent, against GENERAL ELECTRIC COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision and award of death benefits to the widow of the deceased employee made by the Workmen's Compensation Board. The findings of accidental injury and its causal connection with the death are supported by evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ.